Page 1 of 8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRANDON LEE KELLY,

Plaintiff,

v. Case No. 3:26cv4557-TKW-HTC

TRENT A. GREGER, et al.,

Defendants.
_____________________________/

REPORT AND RECOMMENDATION

Plaintiff Brandon Lee Kelly, a prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983 challenging two disciplinary reports he received at Okaloosa Correctional Institution ("Okaloosa CI"). Doc. 1. Upon reviewing the complaint, the undersigned recommends that it be dismissed for Kelly's failure to disclose his litigation history and failure to state a claim.

## I. Background

Kelly sues four defendants in their individual capacities: Lt. or Capt. Trent A. Greger at Okaloosa CI, Officer Jeremy Hall Cooke at Okaloosa CI, Warden Pittman at Okaloosa CI, and Secretary of the Florida Department of Corrections Ricky Dixon. The complaint sets out the following facts which are accepted as true for the purposes of this Report and Recommendation.

On February 7, 2026, Kelly and his cellmate were in cell 2108 when the cellmate awoke Kelly, stating that "smoke was coming out of vent." Doc. 1 at 7. Kelly banged on the door until officers arrived. All the inmates in the adjoining cells were taken to the shower because smoke was billowing out of all four rooms. A fire extinguisher was used in the vent chute to control the fire. *Id.*

No inmate confessed at first. However, during the investigation, another inmate who was housed in cell 2107 confessed to Defendant Greger that he accidentally started the fire in the vent but did not initially say anything because he did not want to get in trouble. Greger took a written witness statement from that inmate. Nevertheless, Plaintiff Kelly and his cellmate received disciplinary reports ("DRs"), with Kelly being eventually convicted of arson and wasting state property (based on the need to use the fire extinguisher). Kelly claims he does not smoke and did not start the fire and that another inmate confessed to starting the fire. Therefore, he claims he should not have (1) received any DR; (2) been fined for causing the fire extinguisher to be deployed; or (3) been put on strip status.

His statement of claims is "(8th Amend) Cruel and unusual punishment, deprived property, falsified reports (Trent A. Greger; Jeremy Hall Cooke)" and "(8th Amend. and 4th amend) Theft depriving me of my family's money (Trent A. Greger; Jeremy Hall Cooke)." For relief, he asks "Both arson and wasting state property

DRs to be recalled"; "Trent A. Greger investigated"; $25,000 monetary damages; and all liens created be taken off his account.

## II. Legal Standard

Because Kelly is a prisoner proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). To state a claim, Kelly must plead factual content which allows the Court to draw the reasonable inference that the named Defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must liberally construe Kelly's *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III. Discussion

### A. Kelly failed to truthfully disclose his litigation history

In Section VIII.C. of the complaint form used by Kelly, he was asked, "Have you filed any other lawsuit, habeas corpus petition, or appeal in *state or federal court* either challenging your conviction or relating to the conditions of your

confinement?" Doc. 1 at 12. Kelly responded that he had not. However, Kelly had, that same day, filed two (2) federal lawsuits relating to the conditions of his confinement: *Kelly v. Gregor et al.*, 3:26-cv-04558-MCR-ZCB and *Kelly v. Peterson et al.*, 3:26-cv-04556-AW-ZCB. Failure to disclose these cases deprives the Court of the full picture of Kelly's litigation history and justifies dismissal of this case. *See Castillo v. Taylor*, 2016 WL 7368199, at *1 (S.D. Ga. Nov. 18, 2016) ("This case was filed simultaneously as the present action and was obviously known to Plaintiff at the time he filed his original complaint. … Thus, Plaintiff has provided false information about his prior filing history in his complaint."), *report and recommendation adopted*, 2016 WL 7366091 (S.D. Ga. Dec. 19, 2016). Even if Kelly did not have the case numbers for these cases, he clearly knew he had filed the cases and should have disclosed the cases.

Despite these omissions, Kelly signed the complaint "under penalty of perjury, that all of the information stated above and included on or with this form, ***including my litigation history***, is true and correct." Doc. 1 at 15. District courts have the inherent power to dismiss a suit based on a plaintiff's failure to truthfully disclose his litigation history. *See McNair v. Johnson*, 143 F.4th 1301, 1308 (11th Cir. 2025). As one judge in this District has stated, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or

incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch, et al.*, No. 4:19cv191-RH-HTC, Doc. 52 at 1–2 (N.D. Fla. June 7, 2020).

### B. Failure to state a claim

Even if Kelly had truthfully disclosed his litigation history, this action should nonetheless be dismissed for failure to state a claim.

#### 1. Kelly alleges no facts against Defendants Cooke, Pittman and Dixon

In the caption of the case and in Section I, Kelly identifies Jeremy Hall Cooke, Warden Pittman, and Secretary Ricky Dixon as Defendants and states he is suing them in their individual capacities. Doc. 1 at 4-5. However, he alleges ***no facts*** involving them in the Statement of Facts. Therefore, he fails to state a claim against these defendants.

#### 2. Kelly fails to state a claim against Defendant Greger

Kelly challenges the findings of guilt on two DRs issued by Greger. However, he has failed to allege these DR findings impinged on a protected liberty interest. "[A] defendant's mere failure to comply with the procedural protections required [during DR hearings] does not give rise to a due process claim in every situation." *Hall v. Samuels*, 2023 WL 5302328, at *3 (M.D. Fla. Aug. 17, 2023). "Unless Plaintiff has been deprived of a liberty interest, no due process protection is triggered." *Frederick v. Murphy*, No. 3:24CV240/TKW/ZCB, 2024 WL 4205623,

at *3 (N.D. Fla. Aug. 19, 2024), *adopted*, 2024 WL 4203490 (N.D. Fla. Sept. 16, 2024). In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) when a prison restraint imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Feaster v. Bowers*, No. 5:23-CV-310-TKW-MJF, 2024 WL 1515701, at *2 (N.D. Fla. Mar. 11, 2024) (cleaned up), *adopted*, 2024 WL 1516106 (N.D. Fla. Apr. 8, 2024). Without either the loss of gain-time credits or 'atypical' confinement, the Due Process Clause itself affords no protected liberty interest that requires procedural protections." *Id.*

Here, Kelly does not allege a loss of gain time or placement in a more restrictive setting because of the DR.[1] Instead, he alleges he was given two DRs, was charged $80 for the fire extinguisher, and was apparently put on property restriction.[2] Kelly has not alleged facts showing he has been deprived of a

[1] If Kelly did lose gain time as a result of the DRs, he could not state a claim under § 1983 without first showing the DRs had been overturned. *See Miller v. Sanford*, 257 F. App'x 246 (11th Cir. 2007) (holding prisoner who alleged he was issued a false DR could not bring § 1983 action because the allegations, if true, would necessarily imply the invalidity of the DR conviction and loss of gain time).

[2] He states, "Charging me $80 plus, stripping me and giving me DRs is unfair, unjust and illegal. I didn't do it!" Doc. 1 at 8.

constitutionally protected liberty interest. Thus, his claim against Greger should be dismissed.[3]

## IV. Conclusion

For the reasons set forth above, the undersigned recommends this action be dismissed without prejudice and without an opportunity to amend. *See Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) ("[D]istrict courts need not permit amendment where it would be futile to do so.").

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for failure to state a claim and for failure to truthfully disclose litigation history.

2. That the clerk be directed to close the file.

[3] Kelly is also not entitled to the relief requested. First, he is not entitled to compensatory damages because he has not alleged any facts showing he has suffered a physical injury that is more than de minimis. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *see also, Ketchup v. Barr*, 2021 WL 3360959, at *2 (11th Cir. Aug. 3, 2021) (citing *Brooks v. Warden*, 800 F.3d 1295, 1307-08 (11th Cir. 2015)). He is also not entitled to have Greger investigated and demoted. *See LaMarca v. Turner*, 995 F.2d 1526, 1543 (11th Cir. 1993) (quoting *Bell v. Wolfish*, 441 U.S. 520, 562 (1974)); *see also, e.g.*, *Otero v. U.S. Att'y. Gen.*, 832 F.2d 141, 141-42 (11th Cir. 1987) (holding plaintiff's request that defendants investigate and prosecute a former Florida State Attorney was inappropriate in part because "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another[]") (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

At Pensacola, Florida, this 21st day of July, 2026.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of this Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1.